IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ABE GIVENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:02CV01444 CEJ (AGF) |
| | ) | |
| DENNIS AGNIEL, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the pro se petition of Missouri state prisoner Abe Givens for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action was referred to the undersigned Magistrate Judge under 28 U.S.C. § 636(b) for recommended disposition. Petitioner pled guilty to one count of driving while intoxicated (DWI) and was sentenced as a persistent DWI offender to a term of five years' imprisonment to run concurrent with two other state sentences Petitioner was serving. For habeas relief, Petitioner claims that his plea was not intelligent and knowing due to his counsel's ineffective assistance in misinforming him about the maximum sentence he would have faced had he gone to trial. For the reasons set forth below, the Court recommends that federal habeas relief be denied.

**BACKGROUND**

Petitioner was charged by information with committing the class D felony of driving while intoxicated as a persistent DWI offender, in violation of Mo. Rev. Stat.

§ 577.010, "punishable upon conviction under Sections 558.011, 560.011 and 577.023, RSMo" in that he operated a motor vehicle while intoxicated on February 19, 2000, and had pled guilty to DWI on September 10, 1996 and December 17, 1998, for events occurring on April 2, 1995 and November 1, 1997, respectively. Resp. Ex. A at 4.[1] Under Mo. Rev. Stat. § 577.023.3, a DWI offender who pled guilty or was found guilty of two or more prior DWI's within ten years of the charged offense is guilty of a class D felony. Under § 558.011.1(4), the maximum punishment for a class D felony is five years.

The record includes a copy of a plea offer by the prosecutor dated June 1, 2000. This offer states that if Petitioner waived "everything," including a preliminary hearing, the State's sentencing recommendation would be five years, concurrent to a sentence in another case (Cause No. 99CR-00421); otherwise, the State would charge Petitioner as a prior and persistent offender for a sentence of eight years, consecutive to the sentence in the other case. Ex. A to Doc. #15.[2]

Petitioner pled guilty on September 8, 2000. At the plea hearing, Petitioner, who was then 49 years old and had a college degree, admitted to the two prior DWI guilty

---

[1] The information also included a second count for driving with a revoked license, but a different individual was named in this count, and the count was accordingly dismissed following Petitioner's guilty plea to the DWI charge.

[2] Under § 558.016.7(4), the five year maximum for a class D felony may be extended to ten years for a person who pleaded guilty or was found guilty of two or more prior felonies. In light of the judge's advice at the sentencing at issue here, the undersigned assumes that the two sentences Petitioner was serving at the time were not for felonies, but the record is not entirely clear on this point.

pleas charged in the information. Resp. Ex. A at 9-10. The judge then ascertained that Petitioner understood that in exchange for his present guilty plea, the State was recommending a five-year sentence to run concurrent with sentences in two other Missouri cases (Cause Nos. 99CR-00421 and CR597-6337MX). The judge explained that another recommendation of the State -- that Petitioner be given credit for time served in custody since June 1, 2000 (in Cause No. CR597-6337MX) -- would, in all likelihood, not be implemented, even if ordered by the judge. Petitioner stated that he understood and that he still wanted to plead guilty. The judge asked Petitioner if he understood that the punishment range for his offense was from one day in jail to five years' imprisonment, plus a fine of up to $5,000, and Petitioner stated that he did. Id. at 11-13.

The judge then asked Petitioner, "Has anyone made any promises to you about what you'd receive or anything else about your case other than what we've talked about here today?" Petitioner responded, "No, Sir." Petitioner further indicated that he believed his attorney fully advised him of his legal rights and possible consequences of his guilty plea, and that he was satisfied with his attorney's services. Id. at 13-14.

Petitioner admitted to the factual basis for the guilty plea and denied that anyone threatened, intimidated, or in any way forced him to plead guilty. The court accepted Petitioner's guilty plea, finding that it was made with a full understanding of the charge and the consequences of the plea. The court then sentenced Petitioner to a term of five years' imprisonment to run concurrent with the two other state sentences he was then serving, with credit for time served on one of those sentences, to the extent allowed by law. Id. at 16-17, 24.

On November 29, 2000, Petitioner filed a motion to vacate, set aside, or correct his sentence. Petitioner raised numerous claims, including the one he advances in the present habeas action: that his plea was unknowing and unintelligent due to his counsel's ineffective assistance in inaccurately advising him that he would have been subject to a ten-year term of imprisonment had he not pled guilty, when in fact, Petitioner would have only been subject to a five-year term of imprisonment. Petitioner alleged that he relied upon this advice, and that he pled guilty because he believed that in doing so, he was avoiding the possibility of a ten-year sentence. He further alleged that but for counsel's misstatement of the law, there was a reasonable probability that Petitioner would have insisted on going to trial. Id. at 56-57.

The motion court denied Petitioner's request for an evidentiary hearing and denied his motion for postconviction relief. The court based its rulings primarily upon Petitioner's statement at the guilty plea hearing that he understood that the maximum sentence he could receive for the DWI charge was five years' imprisonment. The court found that "at no time was there any indication [Petitioner] would receive a sentence other than five years" and that Petitioner "had no reasonable basis for his alleged belief that he potentially would be sentenced to ten years . . . for a class D felony." Id. at 78-82. The court concluded that the record of the plea proceedings reflected that Petitioner's plea was voluntary and intelligent. The court also noted that Petitioner could have received a consecutive sentence to one of his other sentences, and that if Petitioner's counsel informed him of this possibility, this advice would have been proper. Id. at 82.

4

The Missouri Court of Appeals affirmed the denial of post-conviction relief, concluding that the motion court's findings were not clearly erroneous and that no error of law appeared. The appellate court cited Petitioner's testimony at the plea hearing that he understood that the punishment range for the DWI charge was one day to five years' incarceration, and that he was satisfied with counsel's performance. The court believed that this testimony refuted Petitioner's claim that he pled guilty based upon a mistaken belief as to the possible range of punishment. Resp. Ex. E. The appellate court further pointed to the "significant benefits" Petitioner received from pleading guilty to the DWI charge -- the dismissal of the driving-with-a-revoked-licence charge and a sentence to be served concurrent with two other sentences.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), when a claim has been adjudicated on the merits in state court, an application for a writ of habeas corpus cannot be granted unless the state court's adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). "AEDPA effected a move toward greater deference in the § 2254 courts' review of state-court decisions." Brown v. Leubbers, 371 F.3d 458, 460 (8th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 1397 (2005).

The "contrary to" clause is satisfied if a state court has arrived "'at a conclusion opposite to that reached by [the Supreme Court] on a question of law'" or "'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent'" but arrives at the opposite result.  Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000)).  A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413; Linehan v. Milczark, 315 F.3d 920, 924 (8th Cir. 2003).

A case cannot be overturned merely because it incorrectly applies federal law; the application must also be "unreasonable."  Williams, 529 U.S. at 411; Colvin v. Taylor, 324 F.3d 583, 587 (8th Cir. 2003) (under AEDPA, a writ of habeas corpus may not be granted "unless the relevant state court decision is both wrong and unreasonable").

> The factual findings of the state court also may be challenged in a § 2254 petition, but they are subject to an even more deferential review.  Relief may be granted if the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  Factual findings by the state court "shall be presumed to be correct," a presumption that will be rebutted only by "clear and convincing evidence."  Id. § 2254(e)(1).

Kinder v. Bowersox, 272 F.3d 532, 538 (8th Cir. 2001).  Even if a federal habeas court were to disagree with a state court's analysis, it may grant habeas relief only if the state court's resolution of the claim "cannot reasonably be justified under existing Supreme Court precedent."  Nelson v. Hvass, 392 F.3d 320, 322 (8th Cir. 2004).

Two constitutional rights are involved in this case -- the right to the effective assistance of counsel and the right to a trial.  To prevail on a claim of ineffective assistance

of counsel, a habeas petitioner must not only show that counsel's performance was deficient, but that he was prejudiced by his counsel's incompetence. Strickland, 466 U.S. at 694. In order to show prejudice, a habeas petitioner who pled guilty in state court must show that "there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (applying Strickland to the guilty plea context).

A guilty plea, which waives a criminal defendant's right to a trial, "must not only be voluntary but must be [a] knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970); see also North Carolina v. Alford, 400 U.S. 25, 31 (1970) (guilty plea that is not "voluntary and knowing" violates due process).

Here, the state courts relied upon the plea proceedings to reject Petitioner's related claims that counsel was ineffective and that his guilty plea was not knowing and intelligent. As noted above, at the plea hearing, the trial court affirmatively informed Petitioner that the range of punishment for the DWI charge was one day to five years' imprisonment. Petitioner, who was college-educated, acknowledged that he understood this. The state courts' determination that this precluded a claim that Petitioner was prejudiced by counsel misadvising him that he faced a possible penalty of ten years' imprisonment if he went to trial was not an unreasonable application of Hill or an unreasonable determination of the facts. The Court reaches this conclusion despite the fact that there is some evidence in the record, namely the June 1, 2000 plea offer, which calls into question the motion court's finding that "at no time was there any indication the [Petitioner] would receive a sentence other than five

years." See Nelson, 392 F.3d at 323-24 (where § 2254 habeas petitioner was fully informed by state court judge as to what petitioner's sentencing exposure would be if he waived his right to a jury trial and proceeded with a non-jury trial, state courts' finding that petitioner did not base his waiver decision on his attorney's alleged misstatements on the likely sentencing consequences of the waiver was not an unreasonable determination of the facts); Wilcox v. Hopkins, 249 F.3d 720, 724-75 (8th Cir. 2001) (rejecting claim of ineffective assistance based upon counsel's alleged misinformation as to likely sentencing consequences of pleading guilty where the state court advised petitioner of applicable minimum and maximum sentences); Boyd v. Yukins, 2004 WL 1193952, at *4 (6th Cir. 2004) (unpublished) (even assuming that counsel gave habeas petitioner incorrect information regarding sentencing consequences of a guilty plea, the state trial court remedied any misconception by informing petitioner of the potential maximum and minimum terms of imprisonment); see also United States v. Regenos, ___ F.3d ___, 2005 WL 975659, at *2 (8th Cir. April 28, 2005) (same as to § 2255 habeas petitioner where sentencing court explicitly informed petitioner of sentence she faced).

In the present case, the Missouri Court of Appeals believed that Petitioner's claim that he would not have pled guilty but for counsel's misinformation was also undercut by the fact that he received "significant benefits" from the plea bargain, namely, a concurrent sentence and the dismissal of the driving-with-a-revoked-license charge. It appears from the record, however, that the charge of driving with a revoked license was dropped because the information mistakenly named another individual as the perpetrator, and not in return for Petitioner's guilty plea to the DWI charge. The concurrence of his DWI sentence with

another state sentence, on the other hand, would be a benefit which the state courts could reasonably take into account in rejecting Petitioner's assertion that he would have insisted on going to trial but for counsel's alleged misinformation. See Nelson, 392 F.3d at 324 (fact that habeas petitioner received benefit from pleading guilty supported state courts' conclusion that he was not prejudiced by attorney's misstatements about sentencing exposure); Regenos, 2005 WL 975659 at *2 (fact that § 2255 habeas petitioner received some benefit from modified plea agreement, in that it did not require her to cooperate with the government, supported decision that any misadvice from her counsel regarding consequences of pleading guilty would not have affected her decision to accept terms of the modified agreement).

In sum, the Court concludes that the state courts' adjudication of Petitioner's ineffective assistance of counsel claim and unknowing plea claim did not result in a decision that was contrary to, or involved an unreasonable application of, federal law, nor was it based upon an unreasonable determination of the facts.

On April 20, 2005, Petitioner filed a document entitled "Petitioner's Memorandum of Law in Support of Application for Writ of Habeas Corpus." Doc. #19. This document adds a claim that the trial court lacked the jurisdiction to sentence Petitioner to five years. Petitioner cites State v. Sanders, 871 S.W.2d 454 (Mo. Ct. App. 1993), which held that under an old version of Mo. Rev. Stat. § 577.023, a total of three prior DWI convictions were required to treat a DWI defendant as class D felon. Id. at 457. Pursuant to a 1993 amendment to this statutory section, however, only two prior convictions are required. The

other claims raised in the April 20, 2005 document are essentially reiterations of this claim and of the ineffective assistance of counsel claims rejected above.[3]

## CONCLUSION

The Court concludes that Petitioner is not entitled to federal habeas relief. Furthermore, the Court does not believe that reasonable jurists might find the Court's assessment of Petitioner's claims for habeas relief debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. §2254(d)(2). See Miller-El v. Cockrell, 123 S.Ct. 1029, 1040 (2003) (standard for issuing a Certificate of Appealability) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition of Abe Givens for habeas corpus relief be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be denied.

---

[3] During the pendency of this case, Petitioner requested the Court's intervention in developing the record by obtaining (1) a copy of a plea agreement which stated that if Petitioner did not plead guilty, the prosecutor would seek a ten-year sentence, and (2) statements/depositions of the prosecutor and defense counsel (presumably attesting to the fact that such an agreement was conveyed to Petitioner). Docs. #14, #15, and #17. The Court denied these requests. It is not at all clear that a written agreement as described by Petitioner existed in this case, and more importantly, as explained above, Petitioner's admission at the plea hearing that he understood that the maximum sentence he could receive for the charged crime was five years precludes his habeas claims, even if a threatened recommendation of ten years if he did not plead guilty had been conveyed to him. Moreover, to the extent Petitioner's request can be construed as a request for an evidentiary hearing in this Court, Petitioner does not meet the requirements of 28 U.S.C. § 2254(e) for such a hearing.

The parties are advised that they have ten (10) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that the failure to file timely objections may result in a waiver of the right to appeal questions of fact.

                                                /s/ Audrey G. Fleissig
                                                AUDREY G. FLEISSIG
                                                UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of May, 2005.